LOUIS WATTMAN *et. al.*, *vs.* PATRICK F. KELLEY.

JANUARY 9, 1924.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

(*1*)  *Trespass and Ejectment.*

Where the damages claimed in an action of trespass and ejectment do not exceed five hundred dollars, the action is within the original jurisdiction of a district court.

(*2*)  *Leases.  Appurtenances.*

Where a portion of a building was leased with "the rights easements and appurtenances thereto belonging," and the testimony proved that the land claimed by lessor was not included in the premises leased and lessee introduced no evidence to show the necessity for him to have more than five feet in width of such land adjoining the leased premises as an easement appurtenant thereto, there was no issue for the jury and the construction of the lease was a question of law for the court.

TRESPASS AND EJECTMENT.  Heard on exceptions of defendant and overruled.

SWEENEY, J.  This action of trespass and ejectment is brought to recover possession of a strip of land which the plaintiffs aver belongs to them in fee simple.  The action was brought in the District Court.  The defendant submitted to decision for the plaintiffs for possession and claimed a jury trial.  At the close of the testimony in the Superior Court each party requested a directed verdict. The trial justice directed a verdict for the plaintiffs.  The defendant took exception to this ruling and has brought

the case to this court by his bill of exceptions, alleging as reasons therefor that the trial justice erred in denying his motion for a directed verdict and in directing a verdict for the plaintiffs.

It appears in the record that the plaintiffs purchased a lot of land with two buildings thereon, subject to a lease to the defendant of a portion of one of the buildings. The lease was introduced in evidence and the demised premises are described as ''one-half of the lower floor on the westerly side of that frame building fronting on Atwells Avenue . . . numbered 800 to be used as a newspaper, cigar and general variety store." The premises were leased with "the rights, easements and appurtenances thereto belonging." The lessor covenanted to make an entrance upon the westerly side of said building upon the execution of the lease, and he performed this covenant.

The land between the building leased by the defendant and the other building owned by the plaintiffs is thirteen feet wide. The plaintiffs concede the right of the defendant to use five feet in width of this land adjoining the demised building as appurtenant thereto, but claim the right to occupy the remaining eight feet of land. The defendant claims that, under his lease, he has the right to use all of the land between the buildings as an easement appurtenant to his leasehold, and admits that he has detained possession of said land from the plaintiffs. He introduced no testimony to show that it was necessary for him to have more than five feet in width of said land as an easement appurtenant to his leasehold. He claims that the construction of the lease was wholly within the jurisdiction of a court of equity; that a court of law could not construe the lease, and that his motion for a direction of a verdict should have been granted.

The action was within the original jurisdiction of the district court as the damages claimed did not exceed five hundred dollars. Sec. 28, Chapter 280, Gen. Laws, 1909. *Holman v. Steadman,* 26 R. I. 158.

The lease was material evidence, as it described the demised premises. The testimony proved that the land claimed by the plaintiffs was not included in the premises leased to the defendant. As the defendant introduced no testimony to prove that it was necessary for him to have more than five feet in width of the land adjoining the building leased by him as an easement appurtenant thereto, there was no issue to be submitted to the jury, and the construction of the lease was a question of law to be decided by the court. *Richmond v. N. Y., N. H. & H. R. R. Co.*, 26 R. I. 225; 38 *Cyc.* 1522. There was no error in the direction of a verdict for the plaintiffs.

All of the defendant's exceptions are overruled, and the case is remitted to the Superior Court with direction to enter judgment for the plaintiffs upon the verdict.